IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| DIRON CHARLES WRIGHT, | HONORABLE PETER G. SHERIDAN |
|---|---|
| Petitioner, | |
| v. | Civil Action No. 17-3584 (PGS) |
| STATE OF NEW JERSEY, et al., | **OPINION** |
| Respondents. | |

APPEARANCES:

GURBIR S. GREWAL, ATTORNEY GENERAL OF NEW JERSEY
LILA BAGWELL LEONARD, DAG
Office of the Attorney General
Division of Criminal Justice
25 Market Street
PO Box 086
Trenton, New Jersey 08625
Attorneys for Respondent State of New Jersey

CHARLES M. MORIARTY, ESQ.
Charles Moriarty, LLC
864 Broadway
West Long Branch, New Jersey 07764
Attorneys for Petitioner, Diron Charles Wright

**SHERIDAN, U.S. District Judge:**

**I. INTRODUCTION**

Before the Court is Respondent State of New Jersey's motion to dismiss Diron Charles Wright's petition for writ of habeas corpus as untimely. (ECF No. 6). Petitioner opposes the motion. (ECF No. 7). For the reasons stated herein, the Court will dismiss the petition as time-barred, and no certificate of appealability will issue.

## II. BACKGROUND

On January 31, 2006, a Monmouth County grand jury issued a superseding indictment charging Petitioner with three counts of third-degree possession of a controlled dangerous substance (cocaine), N.J. STAT. ANN. § 2C:35-10(a)(1); three counts of second-degree possession of a controlled dangerous substance (cocaine) with intent to distribute, N.J. STAT. ANN. § 2C:35-5(b)(2); three counts of second-degree distribution of cocaine, N.J. STAT. ANN. § 2C:35-5(b)(2); and one count of first-degree maintaining or operating a drug production facility, N.J. STAT. ANN. § 2C:35-4. (ECF No. 6-5). After his first trial ended in a hung jury,[1] Petitioner was convicted on all counts in his second trial. The trial court sentenced him to a total custodial term of thirty years with a fifteen-year period of parole ineligibility. (ECF No. 6-6). The Superior Court of New Jersey, Appellate Division affirmed Petitioner's convictions and sentence on direct appeal. *State v. Wright*, No. A-3978-08 (N.J. Super. Ct. App. Div. Dec. 8, 2011); (ECF No. 6-7 at 2). The New Jersey Supreme Court denied certification on June 8, 2012. *State v. Wright*, 45 A.3d 983 (N.J. 2012); (ECF No. 6-8).

Petitioner filed a post-conviction relief ("PCR") petition in the Law Division on April 9, 2013. (ECF No. 6-9). On October 18, 2013, the PCR court dismissed all claims except for Petitioner's ineffective assistance of counsel claim based on trial counsel's failure to call certain witnesses at Petitioner's retrial. (ECF No. 6-11 at 7). After a three day evidentiary hearing, the PCR court granted the PCR petition on October 1, 2015. (ECF No. 6-10). The State filed a motion for clarification, and the PCR court denied the motion on November 13, 2015. (ECF No. 6-12).

---

[1] *See* ECF No. 6-11 at 11 n.1.

The Appellate Division granted the State's motion for leave to appeal. On August 24, 2016, the Appellate Division reversed the decision of the PCR court. *State v. Wright*, No. A-1781-15, 2016 WL 4446162 (N.J. Super. Ct. App. Div. Aug. 24, 2016) (per curiam); (ECF No. 6-13). The New Jersey Supreme Court denied certification on December 5, 2016. *State v. Wright*, 157 A.3d 845 (Table) (N.J. 2016); (ECF No. 6-14).

Petitioner filed his § 2254 petition on May 19, 2017. (ECF No. 1). Respondent filed the instant motion to dismiss on September 11, 2017, arguing the petition was filed after the one-year statute of limitations expired. (ECF No. 6). Petitioner argues the petition is timely, or, alternatively, that he should be given the benefit of equitable tolling. (ECF No. 7).

### III. ANALYSIS

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Under § 2244(d)(1), the limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Both parties agree the relevant starting point for the limitations period is the date Petitioner's conviction became final. (ECF No. 6-1 at 6); (ECF No. 7 at 3).

The New Jersey Supreme Court denied certification on Petitioner's direct appeal on June 8, 2012. (ECF No. 6-8). Petitioner's direct review concluded ninety days later on September 6, 2012. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("[T]he judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court . . . expires."); *see also* Sup. Ct. R. 13.1. Therefore, September 7, 2012 was the day the AEDPA statute of limitations began to run.

## A. Statutory Tolling

AEDPA's one-year statute of limitations is subject to statutory tolling during the pendency of any properly filed state post-conviction relief petition. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Petitioner's PCR petition was filed on April 9, 2013, after 214 days ran in the AEDPA statute of limitations.[2] The statutory tolling period concluded when the New Jersey Supreme Court denied certification on December 5, 2016. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that "§ 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari" for postconviction relief petitions). At that time, Petitioner had 151 days to file a timely § 2254 petition, or until May 5, 2017.[3] As Petitioner did not file his

---

[2] September 7, 2012 to April 8, 2013.
[3] The petition would still be untimely even if the Court were to toll the statute of limitations for the ten-day period during which Petitioner could have filed for reconsideration of the denial of certification. N.J. Ct. R. 2:11-6(a). The Court does not toll this time, however, because "an application for state post-conviction relief is not pending, and thus AEDPA's limitations period is

4

§ 2254 petition until May 19, 2017, the petition is untimely under AEDPA and must be dismissed as untimely unless there is a basis for the application of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding AEDPA's statute of limitations is subject to equitable tolling in appropriate cases).

**B. Equitable Tolling**

"There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner must establish both elements in order to be entitled to equitable tolling. *See Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) ("[W]e have expressly characterized equitable tolling's two components as 'elements,' not merely factors of indeterminate or commensurable weight.").

Petitioner argues the statute of limitations should be equitably tolled because "it is readily apparent that [he] was pursuing his rights diligently during the entire time that he seeks to have tolled as demonstrated by the lengthy procedural history of this case." (ECF No. 7 at 4). He states his counsel did not receive the New Jersey Supreme Court's order denying certification of

---

not statutorily tolled, for the time during which a petitioner could have sought, but did not actually seek, reconsideration or *certiorari*." *Crews v. Horn*, 360 F.3d 146, 150 n.1 (3d Cir. 2004) (citing *Nara v. Frank*, 264 F.3d 310, 318-19 (3d Cir. 2001), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002)).

his PCR appeal until December 9, 2016, four days after it was filed. Counsel then mailed the order to Petitioner. (ECF No. 7 at 4). Petitioner states there were delays in communications between him and counsel, and his family needed time to gather the money to pay for counsel. (*Ibid.*). He asserts his claims of ineffective assistance of counsel are meritorious, as found by the PCR court, and require review by the federal courts. (ECF No. 7 at 5-6). These are not extraordinary circumstances that would justify the application of equitable tolling.

In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, . . . *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon*, 654 F.3d at 400) (emphasis in original). There must also be a "causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ibid.* The only reasons provided by Petitioner for his late filing are slow prison mail between him and counsel, and the need to gather the funds to retain counsel to file the petition. Petitioner asserts no other filing impediment, for example a language barrier, such that the absence of legal assistance caused his inability to file his § 2254 petition on time. The desire to avoid proceeding pro se is not a severe filing impediment justifying equitable tolling. *See Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010) ("[T]he doctrine of equitable tolling does not permit [the Court] to excuse compliance with the statute whenever a potentially meritorious claim is at stake. . . . Nor does that doctrine allow tolling whenever a petitioner must face the daunting procedural obstacles to obtaining habeas review without the assistance of counsel."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's

6

unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Petitioner also not shown these circumstances prevented him from filing a timely habeas petition for the entire 151 days, roughly five months, remaining in the AEDPA statute of limitations after his PCR proceedings concluded. *See Ross*, 712 F.3d at 803 ("[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition."). Petitioner could have easily overcome the "obstacles" by filing a pro se petition within the statute of limitations and moving to amend his petition, if necessary, once counsel was retained.

"[E]quitable tolling is appropriate when principles of equity would make the rigid application of a limitation period unfair, but . . . a court should be sparing in its use of the doctrine." *Id.* at 799. *See also LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) ("[C]ourts should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." (internal citations and quotation marks omitted) (second alteration in original)). Petitioner argues it would be overly harsh to time-bar his claims when his petition is late by a matter of weeks. Courts in this District have barred litigants when they missed filing deadlines by one day. "As the Seventh Circuit Court of Appeals observed, 'Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere.' Indeed, the one-year line was drawn by Congress, and it rules out this case, under the circumstances presented." *Brown v. United States*, No. 10-2784, 2011 WL 2148181, at *3 (D.N.J. May 31, 2011) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). Petitioner has not presented the Court with any extraordinary circumstances supporting equitable

tolling. "[A] garden variety claim of excusable neglect . . . does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (internal citation and quotation marks omitted).

**C. Certificate of Appealability**

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

**IV. CONCLUSION**

For the reasons stated above, the motion to dismiss is granted, and the habeas petition is dismissed as untimely under 28 U.S.C. § 2244. No certificate of appealability shall issue. An accompanying Order will be entered.

_5/3/18_  
Date

_Peter Sheridan_ (signature)  
PETER G. SHERIDAN  
U.S. District Judge